

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

December 18, 2020

**VIA ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

# MEMO ENDORSED

Re:   *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS)

Hon. Judge Swain:

We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action. Pursuant to the Court's directive made during a hearing on December 16, 2020 concerning JLM's request for a temporary restraining order against Defendant Hayley Paige Gutman ("Defendant"), and pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter to request that the Court issue an order directing the three documents comprising JLM's employment agreement with Defendant (the "Agreement"), at Exhibits 2, 62 and 66 to the Declaration of Joseph Murphy, dated December 14, 2020 (the "TRO Decl.") be filed via ECF, as redacted, in form annexed hereto as Exhibits B-D, respectively. [1][2]

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the

---

[1] Pursuant to a sealing order executed by Judge Sidney H. Stein, U.S.D.J. dated December 15, 2020, Exhibits 2, 55, 62, 64 and 66 to the TRO Decl. were ordered to be filed under seal. [ECF Doc. No. 4]. During oral argument on December 16, 2020, Your Honor held that certain provisions in the Agreement i.e., Exhibits 2, 62, 66, relating to trademark rights, intellectual property and Defendant's advertising duties and responsibilities, are judicial documents that are at issue in this litigation and, as such, Judge Stein's sealing order is overbroad with respect to the Agreement. Your Honor further noted that the Agreement contains certain provisions, such as compensation provisions, that may be trade secrets or confidential to JLM. Accordingly, the Court directed JLM to meet and confer with Defendant's attorney and then file a letter motion by December 18, 2020 to justify any requested redactions to the Agreement.

[2] This Court's ruling that Judge Stein's sealing order was overbroad was limited to the exhibits comprising the Agreement, not to Exhibits 55 and 64 to the TRO Decl.

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id.*, at 120. The Court has already ruled that the Agreement is a judicial document, and that the Agreement is the subject of this litigation. JLM therefore addresses the third factor under *Lugosch* with respect to JLM's proposed redactions at Exhibits B-D.[3]

It is well settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119; *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (statements to plaintiffs' sales and revenue "should be redacted because Plaintiffs would be competitively harmed if they were revealed."; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing confidential and otherwise undisclosed business information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" under seal).

Mindful of the Court's directive regarding the importance of the Agreement to this litigation, JLM's proposed redactions at Exhibits B-D are narrowly tailored to redact the information that it believes would cause it competitive harm if this information is revealed. Further, the redacted information, if disclosed, could harm JLM's relationship with its other employees, and undermine JLM's future business negotiations with current employees, as well as future designers that JLM wishes to employ.

JLM's proposed redactions are as follows:

- Exhibit B (Exhibit. 2 to the TRO Decl.), which is a copy of JLM's initial employment agreement with Defendant, dated July 13, 2011. JLM's proposed redactions include Defendant's salary and other compensation. This information would provide JLM's competitors with an advantage if they were aware of how much JLM pays its designers. *See* the Declaration of Joseph Murphy dated December 15, 2020 ("Sealing Decl."), Exhibit A (Murphy Decl.) at ¶ 3. In particular, said agreement contains compensation provisions, such as base pay and incentives, that would provide JLM's competitors with an advantage if they were aware of how much JLM pays its designers. *See id.* JLM closely guards its financial arrangements with its employees, in particular its designers for this very reason. *See id.* Further, JLM would be disadvantaged in negotiations with its current designers, and potential designers that JLM wants to hire, if these fashion designers were aware of the financial compensation

---

[3] JLM submits the Declaration of Joseph L. Murphy, dated December 15, 2020 at Exhibit A ("Murphy Decl."), in support of JLM's request to seal, which provides the bases for JLM's request to redact the Documents at Exhibits B-D.

package that JLM provides to the Defendant. *See id.* JLM therefore requests that this agreement be filed as redacted in the form attached hereto as Exhibit B, and in any future filing made before this Court.

- Exhibit C (Exhibit 62 to the TRO Decl.), which is a copy of an amendment agreement, dated On July 15, 2014. JLM's proposed redactions include Defendant's salary and other compensation. For the same reason as provided above regarding Exhibit B, JLM requests that this agreement be filed as redacted in the form attached hereto as Exhibit B, and in any future filing made before this Court. *See* Exhibit A (Murphy Decl.) at ¶ 5.

- Exhibit D (Exhibit 66 to the TRO Decl.), which is a letter notice that JLM sent to Defendant, dated February 2, 2019. In this document, JLM, *inter alia*, indicated the amount of additional compensation Gutman would be receiving from JLM. For the same reasons as provided above with respect to Exhibits C and D, JLM respectfully requests that this exhibit be filed under seal on this motion, and in all future court filings. *See* Exhibit A (Murphy Decl.) at ¶ 7.

We have conferred with Defendant's attorney, Steven Kaplan. Mr. Kaplan has consented to the proposed reductions in Exhibits B-D.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

The foregoing request is granted. for the reasons stated above. Plaintiff shall file exhibits 2, 62 and 66 on ECF in the redacted form illustrated in sealed docket entries 10-1, 10-2 and 10-3. Entries 10-1, 10,2 and 10,3 shall remain restricted to party (plaintiff and defendant) access only. DE# 9 resolved.
SO ORDERED.
12/18/2020
/s/ Laura Taylor Swain, USDJ

Encls.

Cc.    Steven M. Kaplan (via email smk@kaplev.com, with unredacted exhibits)