UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X--------------------------------------------------------X

JLM COUTURE, INC,                                            Case No.: 20-CV-10575 (LTS)(SLC)

                      Plaintiff,

                                                                                 **CONFIDENTIALITY**
              v.                                                **STIPULATION AND**
                                                                  **PROTECTIVE ORDER**

HAYLEY PAIGE GUTMAN,

                      Defendant.
X--------------------------------------------------------X

     **WHEREAS**, the Parties having agreed to the following terms of confidentiality, [1] and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

     **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

     1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped , imprinted or otherwise labeled as "CONFIDENTIAL."  To the extent that discovery is being requested on an expedited basis, counsel for any party may designate a document, or make a blanket "CONFIDENTIAL" designation on documents, to be produced without violating the first sentence of this paragraph if the level of scrutiny reasonably required in designating such documents is impractical and the party has a good faith basis to believe that the documents contain confidential information.  If any party intends to use a document later in this action that was produced on an expedited basis and is designated as "CONFIDENTIAL", such as making a publicly viewable Court filing, the parties shall meet and confer in good faith in order to determine which, if any, such documents should be re-labeled to remove or narrow the "CONFIDENTIAL" designation as appropriate.  If material cannot be so labeled, the producing party may designate the documents as "CONFIDENTIAL" by sending written notice to the receiving party for each document that the producing party asserts is "CONFIDENTIAL".  Any "CONFIDENTIAL" designation that is inadvertently omitted during production may be corrected by providing counsel for all parties with written notice as soon as such omission is determined.

---

[1] The parties have agreed to the terms of this Confidentiality Stipulation and [Proposed] Protective Order (the "Order") without waiver of any position or objection as to any request for expedited discovery.  Furthermore, both parties reserve the right to seek leave for the entry of a more comprehensive protective Order with additional protections that may be appropriate as this action progresses.

1

Any document whose cover page, text, or accompanying letter of transmittal states that it is confidential, privileged and/or proprietary business information shall be deemed confidential without any further labeling thereof. Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document, or thing designated as "CONFIDENTIAL" shall be treated in accordance with this Order.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, in accordance with the terms of this Order, and other than as provided herein, will not disclose any Confidential Information, including any excerpts therefrom, or make it available to any person or entity.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties to this action and their employees and agents, provided that such disclosure is needed to assist in the prosecution or defense of this action.

    b. Counsel for the parties, including in-house counsel;

    c. Employees of counsel for the parties assigned to and necessary to assist in the litigation;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. Court reporters, stenographers, and/or videographers transcribing or otherwise recording the testimony or argument at a hearing, trial, or deposition in this case or any appeal;

    f. Photocopy, document imaging, and database service providers and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

    g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      With the exception of person(s) listed in Paragraph 4(b) or (c), require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. In the event that a party wishes to use any "Confidential Information" information designated as "CONFIDENTIAL" in any paper filed with the Court in this litigation, which comprise, excerpt, reproduce, paraphrase, or contain designated "Confidential Information", the party shall file such materials under seal, in accordance with A.5 of the Individual Practices of Judge Swain covering Redactions and Filing Under Seal or I.G of the Individual Practices of Judge Cave, as applicable. Except the three (3) day notice period in A.5 of the Individual Practices of Judge Swain shall not prohibit a party from seeking to file documents under seal, that have been so designated by the opposing party, in connection with the pending preliminary injunction request.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: January 12, 2021
      New York, New York

**ADELMAN MATZ P.C.**

By:_____
Sarah M. Matz, Esq.
1173A Second Avenue, Suite 153
New York, NY 10065
Phone: (646) 650-2207
Email: sarah@adelmanmatz.com
*Attorneys for Plaintiff JLM Couture, Inc.*

Dated: January __, 2021
      New York, New York

**HAYES AND BOONE, LLP**

By:_____
Joseph Lawlor, Esq.
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Phone: (212) 659-7300
Email: joseph.lawlor@haynesboone.com
*Attorneys for Defendant Hayley Paige Gutman*

_____
SARAH L. CAVE
United States Magistrate Judge

SO-ORDERED 1/12/2021

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X--------------------------------------------------------X
JLM COUTURE, INC,                    Case No.: 20-CV-10575 (LTS)(SLC)

                       Plaintiff,

                       v.

HAYLEY PAIGE GUTMAN,

                       Defendant.
X--------------------------------------------------------X

**DECLARATION OF**_____ **UNDER CONFIDENTIALITY ORDER**

I, _____, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury, as follows:

1. I am presently employed by _____, and my current address is _____.

2. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

3. I have read the Confidentiality Stipulation and Order dated _____ (collectively "the Confidentiality Order") and agree to comply with and be bound by each of the applicable terms.

4. I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" that I receive or review in this lawsuit is provided to me pursuant to the terms and restrictions of the Confidentiality Order. I hereby agree that I will not disclose any information

5

contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

5. I understand that I am to handle all of the materials that I receive which have been designated as "CONFIDENTIAL" in a manner consistent with the Confidentiality Order. No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Confidentiality Order.

6. I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of assuring my compliance with the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____   By:_____
                                        (signature of declarant)

                                        _____
                                        (printed name of declarant)