

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

January 25, 2021

**VIA ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

**MEMO ENDORSED**

Re: *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS-SLC)

Hon. Judge Swain:

    We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action. Pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter to request that the Court issue an order allowing JLM to file Ex. 123 to the Declaration of Joseph Murphy, dated January 22, 2021 (the "Reply PI Decl.") be filed via ECF, as redacted, in the form annexed hereto, and allowing JLM to file Ex. 124 to the Reply PI Decl. under seal.

    Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id*., at 120.

    These factors weigh in favor of JLM's request. While these two documents are judicial documents, the documents themselves are not as important, for example, as the parties' contracts and emails concerning their obligations to each other. Further, it is well settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119; *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (statements to plaintiffs' sales and revenue "should be redacted because Plaintiffs would be competitively harmed if they were revealed."; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065
Office:
780 Third Avenue, 14th Floor
New York, New York 10017

documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing confidential and otherwise undisclosed business information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" under seal). Further, protecting the privacy interests of non-parties…represents a legitimate basis for sealing judicial documents." *Securities and Exchange Commission v. Telegram Group Inc.* (S.D.N.Y., June 17, 2020, No. 19-CV-9439 (PKC)) 2020 WL 3264264, at *3.

JLM's proposed redactions are as follows:

- Exhibit 123 to the Reply PI Decl. consists of a spreadsheet showing JLM boost campaigns for the Main IG Account (@misshayleypaige), which is designated as CONFIDENTIAL. *See* Reply PI Decl. ¶3. The redacted parts of this exhibit contain highly sensitive information concerning JLM's social media boost marketing campaigns that would give insight to JLM's competitors as to an effective marketing tool that JLM utilizes in its marketing strategy on social media platforms, the cost of the boosts marketing and analytics regarding their reach. *See id.* The redacted information on this exhibit is protected by JLM and is not known by JLM's competitors. *See id*. JLM does not, however, redact the names of its marketing campaigns identified on this exhibit or the time period during which the marketing campaign was conducted. *See id.* Accordingly, JLM requests an order permitting it to file the document attached as Exhibit 123 as redacted in the form submitted to this Court, for the duration of this litigation.

- Exhibit 124 to the Reply PI Decl. consists of a series of Direct Messages ("DM's") that were sent to the @misshayleypaige Instagram account for a short period before, and a short period after, the Court issued its Order on December 16, 2020 granting JLM's TRO. [ECF No. 8]. *See* Reply PI Decl. ¶4. The DM's at Exhibit 124 were requested by Ms. Gutman in expedited discovery, and contain the names, social media handles, personal photographs and personal information of many non-party's, many of which include JLM's customers or potential customers. *See id*. These DM's in Exhibit 124 were never intended to be publicly viewable. Based on the number of DM's, and as these third parties are not litigants in this action, it would be unfair to release their information publicly, even in redacted form. *See id*. This is especially true here as this case has attracted widespread attention. *See id.* Furthermore, as some of these individuals are customers and/or potential customers, publicly disclosing these names would put JLM at a competitive disadvantage. As such, JLM requests that this exhibit be sealed on this motion, and in all future court filings.

We have conferred with counsel for Defendant, and Defendant has no objection to JLM's sealing request.

    We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

                        Respectfully Submitted,

                        ADELMAN MATZ P.C.

                        Sarah M. Matz, Esq.

Encls.

Cc.    Counsel of Record via ECF

The foregoing sealing requests are granted and the proposed redactions are approved.  The sealed unredacted versions shall be viewable only by the court, counsel for plaintiff and counsel for defendant.  Any further sealed filing of identical material must be linked to this endorsed order.  Unredacted copies must be emailed to Chambers.  DE# 63 resolved.
SO ORDERED.
1/25/2021
/s/ Laura Taylor Swain, USDJ