UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JLM COUTURE, INC.,

                                                        No. 20 CV 10575-LTS-SLC

                Plaintiff,

      -against-

HAYLEY PAIGE GUTMAN,

                Defendant.
-------------------------------------------------------x

## ORDER

The Court has received and reviewed in their entirety Defendant's motion to strike and the parties' subsequent submissions. (Docket Entry Nos. 62, 68, 69.)

"[M]otions for leave to file sur-reply information and to strike are subject to the sound discretion of the court." De Pedrero v. Schwiezer Aircraft Corp., 365 F. Supp. 2d 251, 258 (W.D.N.Y. 2009). The Court may exercise its "broad discretion . . . to consider arguments made for the first time in a reply brief, [and] to rely on evidence submitted with the reply papers." Compania del Bajo Caroni (Caromin), C.A. v. Bolivarian Rep. of Venezuala, 341 Fed. App'x 722, 724 (2d Cir. 2009). Courts regularly consider arguments and evidence included with reply papers that "address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 226 (2d Cir. 2000).[1] Furthermore, the Court may consider "reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden" where the opposing party will suffer no

---

[1] In accordance with this practice, the Court previously granted Plaintiff's motion for leave to file excess pages in its reply memorandum to address new arguments presented in Defendant's opposition papers related to events occurring after the Court granted the TRO in this matter. (Docket Entry No. 52.)

prejudice.  Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (finding no prejudice where Defendant was permitted to file a sur-reply and present evidence at the evidentiary hearing).

Defendant's motion to strike is denied in its entirety, without prejudice to the evidentiary issues identified in the parties' submissions.  Defendant's request to file a sur-reply is granted.  The Preliminary Injunction Hearing is hereby **rescheduled** to **February 4, 2021, at 9:00 a.m.**  Defendant's sur-reply memorandum must not exceed 15 pages in length, and must be filed by **Friday, January 29, 2021, at 12:00 p.m. noon**.

The parties are directed to meet and confer and, by **12:00 p.m. noon on February 1, 2021**, file with the Court (1) a consolidated and bookmarked (to indicate exhibit numbers) pdf containing all of the exhibits to be referred to in the course of the hearing (cross-referenced to the submissions in which they were originally filed), and (2) a joint submission identifying the witnesses to be presented for cross-examination, the parties' agreed protocols for presentation of testimony remotely, and the time proposed to be allocated for each witness, and the time proposed to be allocated for argument.  Each side will be allocated a total of three hours for presentation of its arguments and evidence, including cross-examination and any redirect of witnesses.

This order resolves Docket Entry Number 62.

SO ORDERED.

Dated: New York, New York
       January 26, 2021

    /s/ Laura Taylor Swain
   LAURA TAYLOR SWAIN
   United States District Judge