UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JLM COUTURE, INC.,

       Plaintiff,

  -v-                                                  No.  20 CV 10575-LTS-SLC

HAYLEY PAIGE GUTMAN,

       Defendant.

-------------------------------------------------------x

## Order

Before the Court is Defendant's letter request (Docket Entry No. 101) for partial sealing of the February 4, 2021, Preliminary Hearing transcript, and Plaintiff's February 12, 2021, letter in opposition.  (Docket Entry No. 99.)

The public has a "general right to inspect and copy public records and documents, including judicial records and documents."  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted).  The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.1995) ("Amodeo II").  Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'"  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).

In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right.  U.S.

v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014).  Determining whether the First Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)."  Id. (quoting Lugosch, 435 F.3d at 120.)  If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Erie, 763 F.3d at 239 (internal modifications omitted).

The Court will utilize the testimony presented at the preliminary injunction hearing, along with the other elements of the evidentiary record, in determining the substantive legal rights of the parties.  Accordingly, the preliminary injunction hearing transcript is indisputably a judicial document to which a presumption of public access attaches.  Lugosch, 435 F.3d at 121.  The testimony that Defendant seeks to seal is relevant to Defendant's allegedly commercial use of the names and marks that are at issue in this action.  Defendant disputes that she has used her name in commerce as alleged and has proffered evidence and testimony denying that she has engaged in such use.  Whether Defendant has used her name in commerce bears heavily on the likelihood of Plaintiff's success on the merits of its breach of contract and trademark infringement claims.  Accordingly, the testimony informs the Court's exercise of the Article III power and is entitled to a strong presumption of public access.

The Court must weigh the presumption of public access against the privacy interests of those resisting disclosure.  Lugosch, 435 F.3d at 120.  Defendant argues only that the proposed redactions are narrowly tailored to cover "information relating to third-party agreements, communications, or information that was produced with the designation

'Confidential – Attorneys' Eyes Only' pursuant to the terms of the Protective Order" previously entered by the Court and that she "also has an obligation to keep third-party information confidential."  (Docket Entry No. 101.)  Plaintiff opposes the application to redact the information from the public record.

The Protective Order entered in this case provides that the parties may challenge a designation of confidentiality and seek a resolution by the Court.  (Docket Entry No. 54, at ¶ 4.)  The Protective Order further provides that its terms do not prevent disclosure of information that is designated as confidential "if otherwise required by law."  (Id., at ¶ 13.)

> The undersigned's Individual Rules and Practices requires that
>
> When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Id., at § A(5)(b)(ii).  The Court has not received any communications from the third parties who allegedly supplied the confidential information.  Furthermore, Defendant has not identified with any particularity the nature or scope of any other obligation to keep confidential the information involving these third parties.  The broad statement that Defendant has "an obligation to keep third-party information confidential" does not provide the Court with any information from which it can determine the privacy interest of those third parties.  Nor does Defendant's letter provide the Court with any basis for determining whether sealing is essential to preserve the higher value of a third-party privacy interest or whether the proposed redactions are narrowly tailored to that interest.

Accordingly, Defendant's request for redaction of portions of the preliminary injunction hearing transcript is denied. The preliminary injunction hearing transcript shall be

unsealed in its entirety and shall be made available in accordance with standard Judicial

Conference policies and procedures.

This Order resolves docket entry number 101.

SO ORDERED.

Dated: New York, New York
       February 18, 2021

                                                 /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge