

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

May 26, 2021

**VIA ECF**

**MEMO ENDORSED**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

      Re:    *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS-SLC)

Hon. Judge Swain:

      We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action. Pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter to request that the Court issue an order allowing JLM to file its Memorandum of Law, dated May 19, 2021 ("Opp. Mem.") and the Declaration of Joseph Murphy, dated May 19, 2021 (the "Opposition Decl."), in redacted form, and Exs. 7 and 8 to the Opp. Decl. under seal. Highlighted copies of the Opp. Mem. and Opposition Decl. and copies of Exs. 7 and 8 are attached hereto.[1]

      Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id.*, at 120.

      These factors weigh in favor of JLM's request. The two exhibits requested to be sealed contain information, amounts and percentages in the parties "Contract" [2] that this Court already ordered to be filed as redacted. *See* ([Dkt Nos. 11-1, 11-2, 11-3, 20)]. Further, it is well settled in the

---

[1] JLM has already filed Exs. 7 and 8, the and the highlighted Opp. Mem. and Opp. Decl. as secured. *See* [Dkt Nos. 158, 158-7, 158-8, 159]. Slip sheets for Exs. 7 and 8 and redacted versions of the Opp. Mem. and Opp. Decl. were publicly filed. *See* [Dkt Nos. 157, 157-7, 157-8, 160].

[2] The "Contract," comprises JLM's 2011 employment agreement with Gutman ([Dkt No. 14, Ex. 2]) (the "2011 Agreement"), as amended by the 2014 (*see id.,* Ex. 62) (the "2014 Amendment"), and the February 12, 2019, letter extending Gutman's employment term by three years through August 1, 2022 (*see id.,* Ex. 66.) (the "2019 Renewal").

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:                                            Office:
1173A Second Avenue, Suite 153          780 Third Avenue, 14th Floor
New York, New York 10065               New York, New York 10017

Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119; *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (statements to plaintiffs' sales and revenue "should be redacted because Plaintiffs would be competitively harmed if they were revealed."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing confidential and otherwise undisclosed business information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" under seal).

JLM's proposed redactions and request to seal, and the basis for JLM's request, is as follows:

- Exhibits 7 and 8 to the Opp. Decl. consists of two spreadsheets. *See* the Declaration of Joseph Murphy, dated May 26, 2021 ("Sealing Decl.") ¶4. Exhibit 7 shows payments that JLM made to Gutman since 2011 and Exhibit 8 calculates JLM's overpayments to Gutman from 2017 to 2020. *See id.* Exhibit 8 also contains calculations that JLM uses to argue the amount by which Gutman was overpaid by JLM since 2017. *See id.* Exhibit 8 also contains calculations that JLM uses to argue the amount by which Gutman was overpaid by JLM. *See id.* Both exhibits contain information such as Gutman's yearly base compensation, i.e., her salary, and other compensation that she received, much of which was calculated pursuant to provisions in JLM's Contract that are to be redacted pursuant to the Court's prior redaction order. *See id.* ¶¶3-4. This information would provide JLM's competitors with an advantage if they were aware of how much JLM pays its designers. *See id.* ¶4. JLM closely guards its financial arrangements with its employees, in particular its designers for this very reason. *See id.* Further, JLM would be disadvantaged in negotiations with its current designers, and potential designers that JLM wants to hire, if these fashion designers were aware of the financial compensation package that JLM provides to Gutman *See id.* JLM therefore requests that JLM be permitted to be file these exhibits under seal. *See id.*

- JLM further requests that JLM be permitted to file the attached Opposition Decl. and Opp. Mem. with the highlighted portions therein as redacted. *See* Sealing Decl. ¶5. The requested redactions consist of (a) dollar amounts and percentages in the Contract that are already covered by a redaction order (*see* [Dkt Nos. Dkt Nos. 11-1, 11-2, 11-3, 20]); and (b) and numbers and calculations set forth in Exhibits 7 and 8**.** The redactions therein were narrowly made to only redact the numbers and percentages that are already marked as redacted in the Contract and the numbers in Exs. 7 and 8.

If the Court grants JLM's request, JLM respectfully requests that the Court deem Dkt Nos. 157, 157-7, 157-8, 160 as properly publicly filed. JLM would then file Exhibits 7 and 8 with the sealed records office.

We have conferred with counsel for Gutman, and Gutman has no objection to JLM's sealing request.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

| | |
|---|---|
| The foregoing application to file the referenced unredacted documents under seal with access limited to parties, and to file redacted versions on the public docket, is granted for the reasons set forth above. DE# 166 resolved.<br>SO ORDERED.<br>5/27/2021<br>/s/ Laura Taylor Swain, Chief USDJ | Respectfully Submitted,<br><br>ADELMAN MATZ P.C.<br><br>Sarah M. Matz, Esq. |

Encls.

Cc.    Counsel of Record via ECF