UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JLM COUTURE, INC.,

    Plaintiff,

 -v-                                                 No.  20 CV 10575-LTS-SLC

HAYLEY PAIGE GUTMAN,

    Defendant.

-------------------------------------------------------x

ORDER

        Before the Court is a letter motion by Defendant, see docket entry number 112, for redacted filing of certain third-party exhibits filed by Plaintiff at docket entry number 111. The letter motion contains a statement demonstrating the basis for the requested redactions and is accompanied by exhibits filed under seal with the proposed redactions.  (Docket entry no. 113.)

        The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (citations omitted).  The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II").  Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).

In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right. U.S. v. Erie Cnty., 763 F.3d 235, 239 (2d Cir. 2014). Determining whether the First Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." Id. (quoting Lugosch, 435 F.3d at 120.) If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Erie, 763 F.3d at 239 (internal modifications and citation omitted).

Here, Defendant requests approval of Plaintiff's redactions in docket entry no. 111, specifically redaction of information pertaining to third parties not before the Court, including the identification and contact information of employees of those third-parties, access information for those third-parties' non-public digital workspaces, provisions of Ms. Gutman's contracts with those third parties, Ms. Gutman's fiancé's contact information, and provisions of Ms. Gutman's fiancé's contract with one of the third parties. (Docket entry nos. 111, 112, 113.) The Court relied on portions of these exhibits in formulating its Memorandum Opinion and Order granting Plaintiff's motion for a preliminary injunction. (See docket entry no. 109.) Accordingly, these exhibits are judicial documents to which a presumption of public access attaches. See Lugosch, 435 F.3d at 119. However, the Court did not rely upon any of the redacted information. The presumption of public access is therefore given minimal weight and is outweighed by the competitive injury that would accrue from publicly filing the contract provisions and non-public workspaces access information, and the harm public filing would

cause to the privacy interests of third-parties and their employees in protecting their identification and contact information.  The Court finds that the proposed redactions are essential to preserve these higher values and are narrowly tailored to serve those interests.  <u>Erie</u>, 763 F.3d at 239.

Accordingly, Defendant's redaction request is granted in its entirety.  Docket entry number 113 shall remain under seal with access restricted to the parties and the Court and the redactions in docket entry number 111 are approved.

This Order resolves docket entry number 112.

SO ORDERED.

Dated: New York, New York
       August 2, 2021

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge