

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

August 6, 2021

**VIA ECF AND EMAIL**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312
SwainNYSDChambers@nysd.uscourts.gov

## MEMO ENDORSED

      Re:    *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS-SLC)

Hon. Judge Swain:

      We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action. Pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter to request that the Court issue an order allowing JLM to file its Memorandum of Law, dated June 25, 2021 ("Supporting Mem.") in redacted form, and Exs. 4 and 5 attached to the Supporting Declaration of Joseph Murphy, dated June 25, 2021 ("Supporting Decl.") in support of its motion to dismiss under seal. Highlighted copies of the Supporting Mem., Exs. 4 and 5[1] and the Declaration of Joseph Murphy, dated August 6, 2021 ("Sealing Decl.") in support of JLM's request to seal are attached hereto.

      Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id.*, at 120.

      These factors weigh in favor of JLM's request. The two exhibits requested to be sealed contain the very amounts in the parties "Contract" [2] that this Court already ordered to be filed as

---

[1] JLM has already filed Exs. 4 and 5 as well as the highlighted Supporting Mem. *See* [Dkt Nos. 185-4, 185-5, 186]. Slip sheets for Exs. 4 and 5 and a redacted version of the Supporting Mem. were publicly filed. *See* [Dkt Nos. 182, 183-4, 183-5]. JLM does not request that the Supporting Decl. (see [Dkt Nos. 183 and 185]) be filed as sealed or redacted.

[2] The "Contract," comprises JLM's 2011 employment agreement with Gutman ([Dkt No. 14, Ex. 2]) (the "2011

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

redacted. *See* ([Dkt Nos. 11-1, 11-2, 11-3, 20)]. Additionally, on May 27, 2021, the Court issued an order sealing two spreadsheets indicating the amounts that JLM paid to Gutman. *See* [Dkt No. 171]. Further, it is well settled in the Second Circuit that sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119; *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (statements to plaintiffs' sales and revenue "should be redacted because Plaintiffs would be competitively harmed if they were revealed."; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing confidential and otherwise undisclosed business information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" under seal).

JLM's proposed redactions and request to seal, and the basis for JLM's request, is as follows:

- Exs. 4 and 5 to the Supporting Decl. consists of two check paystubs showing payments that JLM made to Gutman during the week of "02/17/20 to 02/23/20", and "02/24/20 to 03/01/20". *See* Sealing Decl. ¶4, Ex. 4 and Ex. 5, respectively. Both exhibits contain information such as Gutman's weekly base compensation, i.e., her salary, before and after deductions, which can easily be used to determine her yearly base salary. *See id.* The exhibits further show other items such as deductions for taxes, unemployment, disability, social security, Gutman's 401k, and health insurance, as well as other benefits she received. *See id.* These paystubs also show Gutman's gross year to date earnings. *See id.* These documents contain sensitive business information that would harm JLM's business if they were made publicly available. *See id.* This information would provide JLM's competitors with an advantage if they were aware of how much JLM pays its designers. *See id.* JLM closely guards its financial arrangements with its employees, in particular its designers, for this very reason. *See id.* Further, JLM would be disadvantaged in negotiations with its designers, and potential designers that JLM wants to hire, if these fashion designers were aware of the financial compensation that JLM provided to Gutman. *See id.* Accordingly, JLM requests that these paystubs, which contain the very payment information that was redacted in JLM''s Contract that are to be filed as redacted (*see* [Dkt No. 20]), be filed under seal, and in any future filing made before this Court. *See id.*

- JLM further requests that it be permitted to file the attached Supporting Mem., with the highlighted portions therein as redacted. *See* Sealing Decl. ¶5. The requested redactions consist of (a) dollar amounts and percentages in the Contract that are already covered by a redaction order; (b) numbers and percentages set forth in an

---

Agreement"), as amended by the 2014 Amendment [Dkt No. 14, Ex. 62) (the "2014 Amendment"), and the February 12, 2019, letter extending Gutman's employment term by three years through August 1, 2022 (*see* [Dkt No. 14, Ex. 66) (the "2019 Renewal"). The Contract documents were filed again in support of JLM''s motion to dismiss as redacted (*see* [Dkt No. 185, Exs. 1, 2 13]), pursuant to this Court's prior sealing/redaction order dated December 21, 2021. *See* [Dkt No. 20].

agreement between JLM and a third-party, Hearts on Fire, that is subject to a prior sealing order, dated December 15, 2020 (*see* [Dkt No. 4])³ and (c) and amounts set forth in Exhibits 4 and 5 that are attached hereto. *See* Sealing Decl. ¶5.

We have conferred with counsel for Gutman, and Gutman has agreed to JLM's sealing request with respect to Exhibits 4 and 5 to the Supporting Decl. With respect to JLM's Supporting Mem., Gutman's counsel requested certain areas in not be redacted, in the version originally served. The parties have met and conferred and have reached agreement that the proposed highlights in the attached Supporting Mem., can be filed under seal.

If the Court grants JLM's request, JLM respectfully requests that the Court issue an order allowing JLM to file under seal the attached Supporting Mem., with a redacted version publicly filed in conformance with the green highlights and the attached highlighted version filed as sealed. These filings would replace Dkt. Nos. 182 and 186. JLM would then file Exs 4 and 5 to the Supporting Decl. with the sealed records office.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.



Sarah M. Matz, Esq.

Encls.

Cc.    Counsel of Record via ECF

The foregoing sealing requests are granted and the proposed redactions are approved for the reasons stated above. The sealed versions shall be viewable only the court, counsel for plaintiff, and counsel for defendant. Plaintiff shall file its memorandum of law in the redacted form illustrated in sealed docket entry 222-1. Any further sealed filing of identical material must be linked to this endorsed order. Unredacted copies must be sent to Chambers. DE # 220 resolved.
SO ORDERED.
8/10/2021
/s/ Laura Taylor Swain, Chief USDJ

---

³ As stated in Joseph Murphy's Declaration dated December 15, 2020 in support of JLM's initial sealing request, the HOF Agreement should remain sealed as public disclosure of this information would violate the privacy interests of Hearts of Fire, a non-party, and who did not seek to be involved in this action. *See* Sealing Decl. ¶5, fn 2. Additionally, the financial terms in this agreement are JLM's protected business information that it does not divulge to third parties. *See id.* If a third party that JLM wanted to conduct a similar transaction with, were to have a copy of this agreement, that third party may extract more favorable terms than JLM would have otherwise provided. *See id.* As such, the HOF Agreement should continue to be filed under seal on all future court filings. *See id.*