# haynesboone

Direct Dial: 212-659-4984
Direct Fax: 212-884-9574
richard.rochford@haynesboone.com

October 6, 2021

VIA ECF

## MEMO ENDORSED

Chief Judge Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: **JLM Couture, Inc. v. Hayley Paige Gutman, et al.**
20-cv-10575-LTS-SLC

Dear Judge Swain:

We submit this letter on behalf of Defendant/Counterclaim-Plaintiff Hayley Paige Gutman ("Hayley") to request that the Court consider Hayley's Declaration in Opposition to JLM's Motion for Attorneys' Fees, dated October 6, 2021 ("Hayley's Declaration") *in camera*.

Hayley's Declaration sets forth Hayley's sensitive personal financial information, including her income, expenses, assets, and liabilities. This information is relevant to the narrow question of Hayley's ability to pay JLM's attorneys' fees and the appropriateness of any contempt sanction ordered by the Court. However, this sensitive financial information is not relevant to the underlying case, and JLM does not require access to financial information with the level of specificity set forth in Hayley's Declaration to argue the merits of its motion.

The accompanying memorandum of law contains a summary of the information in Hayley's Declaration and sets forth that Hayley has limited income and a negative not worth. However, the specific financial information provided in Hayley's Declaration should be afforded additional protection, particularly because Hayley's celebrity status increases the possibility that such information could be mis-used. And allowing JLM to access this information, which is irrelevant to its case in chief, would present an unfair and unnecessary intrusion on Hayley's private affairs and prejudice Hayley's negotiating position in this litigation.

"[T]he Second Circuit grants courts broad discretion to rule on the propriety of *ex parte*, *in camera* submissions, counseling that a court may do so in the exercise of its informed discretion and on the basis of the circumstances presented." *Adams v. Quigley*, 19-CV-1662, 2019 U.S. Dist. LEXIS 203312, at *6 (E.D.N.Y. Nov. 11, 2019). Courts in this District often exercise this discretion to permit "the submission of financial affidavits for in camera inspection." *See New Haven Temple SDA Church v. Consol. Edison Corp*., 94-CV-7128, 1995 U.S. Dist. LEXIS 8220, at *12 (S.D.N.Y. June 13, 1995); *see also Waldman v. Electrospace Corp*., 68 F.R.D. 281, 287 (S.D.N.Y. 1975) (permitting "submission to the court in camera of affidavits on" "financial soundness"); *Miller v. Massad-Zion Motor Sales Co*., 3:12 CV 1363,

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza
26th Floor
New York, New York 10112
T (212) 659-7300
F (212) 918-8989
www.haynesboone.com

Hon. Laura Taylor Swain
October 6, 2021
Page 2

2014 U.S. Dist. LEXIS 89794, at *2 (D. Conn. July 2, 2014) (discussing in camera review of individual's financial information).

      Here, given the narrow scope and utility of the financial information in Hayley's Declaration, as well as the sensitive and personal nature of that information, Hayley respectfully submits that *in camera* inspection is appropriate. To the extent the Court determines that any of the information in Hayley's Declaration should be disclosed, Hayley requests that: (i) the Court provide sufficient advanced warning so that Hayley can confer with the Court regarding appropriate measures to protect the confidentiality of such information; and (ii) any such limited information only be disclosed to one member of JLM's outside counsel on a strictly attorneys' eyes only basis. *See Integrity Elecs. v. Garden State Distribs.*, 09 CV 2367, 2010 U.S. Dist. LEXIS 162042, at *4 (E.D.N.Y. July 12, 2010) (Court conducting *in camera* review prior to any disclosure).

      Sincerely,

      *s/Richard D. Rochford*

      Richard D. Rochford

cc: counsel of record (via ECF)

---

The Court finds that counsel has not put forth a sufficient basis for ex parte treatment of Ms. Gutman's declaration, submitted in support of her opposition to Plaintiff's application for attorneys' fees and costs. In light of Ms. Gutman's concerns about the privacy of her finances, the Court grants Ms. Gutman an opportunity, until 5:00pm on October 8, 2021, to withdraw her request that the Court consider her ex parte declaration in connection with the pending fees application, and the associated motion for ex parte filing of her declaration.

SO ORDERED.
10/7/2021
/s/ Laura Taylor Swain, Chief USDJ