# haynesboone

Direct Dial: 214-651-5849
Direct Fax: 214-200-0847
tiffany.cooke@haynesboone.com

October 8, 2021

**VIA ECF**
Chief Judge Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

## MEMO ENDORSED

Re:   *JLM Couture, Inc. v. Hayley Paige Gutman*
       20-cv-10575-LTS-SLC

Dear Judge Swain:

      We represent Defendant Hayley Paige Gutman ("Ms. Gutman") in the above-referenced action, and write pursuant to Rule A(5) of Your Honor's Individual Rules and in connection with the Court's October 7, 2021 Order (Doc. No. 271). Hayley files this to request that the Court issue an order allowing Hayley to redact and seal portions of her Declaration in Opposition to JLM's Motion for Attorneys' Fees and Costs (Doc. No. 270) ("Hayley's Declaration"). Hayley seeks to narrowly redact only her individual financial information, a category of information that is specifically identified in the Court's Individual Rules, A.5.b.i, as the proper subject of a motion to seal.

      A proposed redacted version of Hayley's Declaration is attached hereto as Exhibit A, and a version of Hayley's Declaration with highlighting to show the proposed redactions is attached as Exhibit B.

      When determining whether to issue an order for the sealing or redaction of documents, the Court applies a three-part test: (1) determine whether the document is a judicial document, i.e., whether "the item filed must be relevant to the performance of the judicial function and useful in the judicial process"; (2) determine the weight of that presumption, i.e., the importance of the document with respect the Court's determination of the issue before the Court; and (3) weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

      These factors weigh in favor of sealing select portions of Hayley's Declaration. The portions of Hayley's Declaration that she is requesting be redacted include only highly sensitive personal financial information (e.g., the balances of her checking account, investment accounts, and retirement accounts, her assets, liabilities).

Haynes and Boone, LLP
Attorneys and Counselors
30 Rockefeller Plaza
26th Floor
New York, New York 10112
T (212) 659-7300
F (212) 918-8989
www.haynesboone.com

These portions of Hayley's Declaration are relevant only insofar as they demonstrate her financial inability to pay the amount of JLM's attorneys' fees request and they include "sensitive details that are not public and not germane to the claims" in this case. *Re: Mindbody, Inc. v. Securities Litig.*, 2021 WL 3500176, at *2 (S.D.N.Y. Aug. 9, 2021) (granting request to redact personal financial information). Courts in this district regularly grant requests to seal and/or redact personal financial information especially where, as here, the information is not relevant to the claims or defenses. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (granting a motion to seal where "the information had little to do with the claims and defenses"). Further, the nature of Hayley's personal financial situation are traditionally private and warrant sealing. *See Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (redacting private financial information).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 119–20 (internal quotation marks omitted). On balance, Hayley's right to privacy over her personal financial—which is unrelated to any claim or defense in this case—far outweighs the right of public access. And granting Hayley's redaction request will prevent unauthorized dissemination of this information.

The Court has granted several requests by JLM to redact non-personal financial information from a number of documents. We have conferred with Counsel for JLM, and while JLM does not agree with Hayley's positions regarding what the information demonstrates, JLM has consented to the sealing of the highlighted portions of the declaration. If the Court grants Hayley's request, Hayley respectfully requests that the Court issue an order allowing Hayley to file Exhibit B publicly and Exhibit A under seal in place of Doc. No. 270.

Should the Court deny Hayley's redaction request, Hayley respectfully requests the opportunity to amend her Declaration to remove the specific personal financial information, and instead summarize the information, as opposed to withdrawing her Declaration in its entirety.

Thank you for your consideration. Should Your Honor need any further information, we are available at the Court's convenience.

        Respectfully submitted,

        *s/Tiffany M. Cooke/*

        Tiffany M. Cooke

cc: counsel of record (via ECF)

The foregoing application to file the referenced unredacted document under seal with access limited to parties, and to file the redacted version on the public docket, is granted for the reasons set forth above. DE# 273 and 268 resolved. SO ORDERED. 10/13/2021
/s/ Laura Taylor Swain, Chief USDJ

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JLM COUTURE, INC., <br><br> Plaintiff, <br><br> - against - <br><br> HAYLEY PAIGE GUTMAN and CONRAD LOUIS CLEVLEN, <br><br> Defendants. | Civil Action No. 1: 20-cv-10575-LTS-SLC |
| HAYLEY PAIGE GUTMAN, <br><br> Counterclaim-Plaintiff, <br><br> - against - <br><br> JLM COUTURE, INC. and JOSEPH MURPHY, <br><br> Counterclaim-Defendants. | |

## CONFIDENTIAL DECLARATION OF HAYLEY PAIGE GUTMAN

HAYLEY PAIGE GUTMAN hereby declares under the penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. As set forth below, I do not have the financial resources to pay JLM the attorneys' fees award it is seeking. I am willing to further discuss my finances with the Court privately to the extent it would be helpful to the determination of this motion.

**I.  Assets and Liabilities**

2. I do not own any cars or real estate. I sold all of my valuable jewelry in connection with my divorce in 2018 (I do have an engagement ring from my fiancé, which is worth approximately ▇▇▇▇ or less). I do not own furniture; I live in a furnished rental in Florida.

3. My assets are as follows: ███████ in checking/savings[1]; ███████ in investments; and ███████ in retirement accounts.

4. My liabilities far eclipse my assets. I currently owe $558,656.13 to my lawyers for legal fees already incurred dating back to the spring. Even if I used all of my assets, I could not pay these fees that I already owe.

**II.     Income and Expenses**

5. Since December 2020, I have been unable to maintain any regular employment. This is due to the preliminary injunction order entered by the Court (the "PI Order"), which prohibits me from participating in or associating in any industry adjacent to JLM and prohibits me from using my own birth name for any commercial purpose, including non-competitive ventures and public appearances.

6. Since entry of the PI Order, I have not been allowed to use my own name publicly or on social media. It has been virtually impossible to find a job without using my own name and without allowing others to use my name to identify me as a person. Thus far, I have lost out on design related job opportunities, and I have not been able to participate in paid speaking forums, virtual appearances, and TV commercial projects due to my inability to use my own birth name. I cannot utilize my specialized skill set, the one that I've dedicated my entire 14-year professional working experience to and my four year college education toward.

7. As the Court knows, JLM has cut off my health insurance and completely stopped paying me—including amounts unpaid over the last several years and the March 1, 2021 payment due for dresses sold during JLM's 2020 fiscal year which was hundreds of thousands of dollars.

---

[1] As I noted in a previous declaration, I had to sell my apartment so that I would be able to pay legal fees and this amount includes the proceeds of that sale.

2

That March 1, 2021 missed payment, which is the bulk of my compensation, totals hundreds of thousands of dollars that JLM has withheld from me.

8. Since entry of the temporary restraining order, I have been able to participate in a small amount of entry-level influencer work unrelated to the bridal industry on social media without my name, which has earned me approximately $16,000 in total income during 2021. Obviously, the inability to use my own name severely restricts my ability to use my persona to earn a living.

9. I have numerous ongoing and necessary expenses. These include my monthly health insurance premium of $987.31—since JLM cut off my health insurance—and mounting legal fees (discussed further below). As set forth in my Counterclaims, I put my desire to have children on hold while working for JLM, as I witnessed sexist and offensive comments from JLM's CEO Joseph Murphy regarding female employees having children. With the psychological and financial stress of this lawsuit, I have taken extra measures to increase my chances of having children in my future. I set aside money in two investment accounts (detailed in paragraph 3 above) with the hopes that these investments could one day be used for egg freezing and in-vitro.

10. I understand the Court's Contempt Order and I have removed the social media posts addressed in that order. Any additional monetary reward to JLM will not coerce my compliance— I am compliant. Instead, any such reward will simply crush me financially and will prevent me from vindicating and defending my rights in this Court.

11. I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that all statements made of my own knowledge are true and that all statements made on information and belief are believed to be true.

Date: October 6, 2021                     Respectfully submitted,

_____
Hayley Paige Gutman