

Plaintiff JLM Couture, Inc.'s ("JLM") letter-motion to seal (ECF No. 306) is GRANTED.

The Clerk of Court is respectfully directed to: (i) limit access to JLM's filing at ECF No. 308 to Court users and the case participants; and (ii) close ECF No. 306.

SO ORDERED 1/10/2022

SARAH L. CAVE
United States Magistrate Judge

January 7, 2022

**VIA ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

   Re: *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS-SLC)

Hon. Judge Swain:

  We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action.  Pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter motion to request that the Court issue an order allowing JLM to file (i) Exhibits 1 and 2 to the Second Amended Complaint ("SAC Exhibits"), dated August 13, 2021 ("SAC") as sealed; and (ii) updated redacted and highlighted versions of the SAC.  Highlighted copies of the SAC and SAC Exhibits are attached hereto.[1]

  Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents.  *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119.  *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court.  Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id. at 120.*

  These factors weigh in favor of JLM's request.  The SAC Exhibits requested to be sealed contain (i) the identities of at least thirty-five (35) stores who breached valid and existing contracts with JLM ("Breaching Stores") and the essential terms of the relevant agreements (i.e., amounts payable to JLM and number of items ordered from JLM); and (ii) the identities of at least eighty-eight (88) stores who have stated they will not continue doing business with JLM ("Lost Stores") and the Lost Stores' stock orders from previous seasons.  Further, it is well settled in the Second Circuit that

---

[1] JLM has already filed the SAC as secured ([Dkt. No. 229]) and in redacted form ([Dkt. No. 228]. Additionally, Exs. 1 and 2 were filed as secured. *See* [Dkt Nos. 229-1, 229-2]. Slip sheets for Exs. 1 and 2 were publicly filed. *See* [Dkt Nos. 228-1 and 228-2].

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:          Office:
1173A Second Avenue, Suite 153     780 Third Avenue, 14th Floor
New York, New York 10065      New York, New York 10017

sealing or redaction of documents is justified to preserve "higher values", such as "competitive injury." *See Lugosch* 435 F.3d at 119; *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (statements to plaintiffs' sales and revenue "should be redacted because Plaintiffs would be competitively harmed if they were revealed."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies); *Handel v. Nisselson*, 1998 WL 889041, at *5 (S.D.N.Y. Dec. 18, 1998) (internal citation omitted) ("A customer list should be considered a confidential trade secret if it was developed through substantial effort and kept in confidence, provided the information it contains is not readily ascertainable."); *Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing sensitive business information); *Avocent Redmond Corp. v Raritan Americas, Inc.*, 10 CIV. 6100 PKC, 2012 WL 3114855, at *15-17 (S.D.N.Y. July 31, 2012) (ordering documents containing confidential employment information to be filed under seal as "the disclosure of which could affect future contract negotiations"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc*., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (allowing confidential and otherwise undisclosed business information that "may provide valuable insights into a company's current business practices that a competitor would seek to exploit" under seal).

JLM's proposed redactions and request to seal, and the basis for JLM's request, is as follows:

- Exhibits 1 and 2 to the SAC consist of spreadsheets containing the Breaching Stores and Lost Stores that ceased doing business with JLM and/or stated they will no longer engage in business with JLM at all. *See* the Declaration of Joseph Murphy, dated January 5, 2022 ("Sealing Decl.") ¶4.  The SAC Exhibit 1 contains financial information, i.e., amounts payable to JLM for each of the Breaching Stores. *See id*. These contracts were formed prior to Gutman's Instagram videos, and after the same the Breaching Stores rescinded, formally breaching those contracts. The SAC Exhibit 2 contains the Lost Stores stock orders for the Spring 2021, which were not reordered for either Fall 2021 or Spring 2022. *Id.* The identities and financial information are solely put forth, to establish elements of JLM's claims against Gutman and Conrad Louis Clevlen ("Clevlen"), as the identities are a necessary element. *Id.* However, JLM is trying to rebuild its relationships with both the Breaching Stores and Lost Stores. *Id.* As the stores listed in the SAC Exhibits are not parties to this litigation,[2] there is no benefit to the public by making the identities of the Breaching Stores or Lost Stores public.[3] *Id.* ¶5. Nor is there any benefit to publicly sharing JLM's agreements between it and its stores with the public. *Id.* In fact, just the opposite would occur, the release would be detrimental to JLM's business.  This information would provide JLM's competitors with an advantage if they were aware of how much JLM sells to certain stores, or knew with which stores JLM was trying to salvage relationships with. *See id.*  JLM closely guards its financial and business relationships with its stores.  *See id.*  Further, JLM would be disadvantaged in negotiations with its current stores, and potential stores that JLM would want to do business with, if the

---

[2] This Court has previously sealed a third-party contract, as the public disclosure of such third-party information would violate the third party's privacy interests. The same is true for disclosing the lists of the Breaching Stores and Lost Stores, non-parties to this litigation. *See* Sealing Decl. ¶3. Additionally, the stores and financial information in the SAC Exhibits are JLM's protected business information that it does not divulge to the public. *Id.* This information is covered under §9(c) of the Employment Agreement's "Confidential Information". [Dkt. No. 14-2], § (c) (defining "Confidential Information" as "*financial information*, marketing plans, strategies, trade secrets, data, know-how, process, techniques, designs, styles, *customer lists or other proprietary information* of the Company or its affiliates") (emphasis added).
[3] While a list of stores JLM does business with is available by searching on its website, said list does not identify what stores used to do business with JLM, what stores breached their contracts with JLM, what stores are refusing to do business with JLM, or any financial information regarding the Breaching Stores and Lost Stores (or even its current list of stores with which it does business). *See* Sealing Decl. ¶5.

lists in the SAC Exhibits were disseminated to the public and its competitors – or even current, non-Breaching and non-Lost stores were able to obtain them.  *Id.* Additionally, the Breaching Stores and Lost Stores would not likely want to continue in any attempts by JLM to rebuild these relationships if this list is made public, hindering JLM from fixing the damage caused by Gutman. *See id.*  JLM therefore requests that JLM be permitted to be file these exhibits under seal.

JLM further requests permission to file updated versions of the SAC in redacted and highlighted form (attached as an Exhibit to the Sealing Decl.).  JLM is removing the redactions, as initially filed, from (i) ¶8, as the addresses therein are already public, and (ii) ¶89, as the parties have agreed that the information therein does not need to be redacted for confidential purposes.

If the Court grants JLM's request, JLM respectfully requests that the Court deem Dkt Nos. 228-1 and 228-2 as properly publicly filed.  JLM would then file Exhibits 1 and 2 with the sealed records office.   JLM would also file the updated redacted and highlighted versions of the SAC to remove the redactions as set forth herein.

We have conferred with counsel for Gutman, and Gutman does not oppose JLM's sealing request or filing of the updated versions of the redacted and highlighted SAC.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Encls.

Cc.    Counsel of Record via ECF