

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

October 13, 2021

**VIA ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 17C
New York, NY 10007-1312

**MEMO-ENDORSED**

Re:   *JLM Couture, Inc. v. Hayley Paige Gutman* (1:20-cv-10575-LTS-SLC)

Hon. Judge Swain:

We represent Plaintiff JLM Couture, Inc. ("JLM") in the above-referenced action. Pursuant to Rule A (5) of Your Honor's Individual Practices, JLM files this letter to request that the Court issue an order allowing JLM to file its un-redacted time records under seal, *ex-parte*, in order for the Court to make an *in camera* review of same. Copies of Adelman Matz P.C.'s ("AM") time records were previously filed in redacted form at Ex. 1 [Dkt No. 243-1] to the Declaration of Sarah M. Matz, Esq. dated September 22, 2021. [Dkt No. 243].

AM's publicly filed time records provide both the Court and Gutman's counsel with sufficient information in order to determine whether the AM's time was expended in connection with the contempt motion. There were two types of redactions, entries that have been completely redacted that were not being claimed in JLM's motion for costs and fees and redactions of privileged material. With respect to the entries that are being claimed in JLM's motion for costs and fees, we redacted only those parts that we believe provided insight into our impressions of the case and our legal strategies and/or information that would reveal the contents of conversations with our Client, which is attorney client privileged and./or privilege attorney work product. Gutman has argued that the redactions in AM's time records made it impossible for the Court to determine the reasonableness of those entries. JLM does not agree, however, as AM already offered to present its unredacted time records to the Court for *in camera* review ([Dkt 243, p.9]), we are providing the unredacted time records now as a courtesy to the Court in the event the Court determines that it needs the to determine that AM's work in connection with the prosecution of" JLM's contempt motion was reasonable.[1] True and correct copies of these unredacted time records are attached as Ex. 1 to the Declaration of Sarah M. Matz, dated October 13, 2021 (the "Sealing Decl.").

---

[1] The privileged sections in Exs. 1 to the Sealing Decl. are highlighted so that the Court can see the difference between the publicly filed versions and the versions to be filed under seal for *in camera* review. The entries that were redacted because they were not claimed in JLM's fee and cost application remain redacted.

AM's time records filed in support of JLM's attorney's fees application are the types of records that courts in the Second Circuit will allow to be filed *ex-parte* in order for them to be reviewed *in camera*. *See Hervochon v Iona Coll*, 2019 WL 2451431, at *16 (S.D.N.Y. 2019), *report and recommendation adopted*, 2019 WL 1375359 (S.D.N.Y. 2019) (conducting an *in camera* review of invoices on parties' cross motions for summary judgment for attorneys' fees and costs); *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 n.4 (S.D.N.Y. 2016) (internal citation omitted) ("Plaintiffs' counsel has submitted for *in camera* review a declaration regarding its request for attorneys' fees and costs, along with its billing records, Invoice, and an invoice for the services performed by the outside counsel...."); *Internet Law Lib., Inc. v Southridge Capital Mgt. LLC*, 2010 WL 3290965, at *3 (S.D.N.Y. Aug. 11, 2010) ("The Court finds that the timekeeper records submitted for *in camera* review sufficiently identify the timekeepers, their role in the litigation, and their hourly rate."); *Melnick v Press*, 2009 WL 2824586, at *6 (E.D.N.Y. 2009)("After careful *in camera* review of the invoices at issue, the Court finds such invoices describe the work performed on plaintiffs' behalf in sufficient detail."). As such, there is ample authority for the Court to accept JLM's un-redacted time records and consider them *in camera*. The need to file these documents *in camera* is clear as the time-entries contain statements that include references to attorney-client communications that would divulge the substance thereof and references that would divulge attorney-work product. *See* the Sealing Decl., ¶¶2, 6-7, Ex. 1. Further, there can be no prejudice to Gutman in these records being submitted for an *in camera* inspection, as her attorneys have JLM's publicly filed time records that provided them with "sufficient information on which to make detailed objections as to the reasonableness of these fees." *Hervochon*, 2019 WL 1375359, at *7.

AM's time records at Ex. 1 to the Sealing Decl. should be filed under seal. Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006), the Court is to engage in a three-part test when determining whether to issue an order for the sealing or redaction of documents. *First*, the Court is to determine whether the document is a judicial document, i.e., whether "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch* 435 F.3d at 119. *Second*, the Court is to determine the weight of that presumption, i.e., the importance of the document with respect to the Court's determination of the issue before the Court. Finally, the Court is to weigh the competing considerations against the public dissemination of the document, or parts thereof, such as "the privacy interests of those resisting disclosure." *See id.*, *at 120.*

These factors weigh in favor of JLM's request to seal, *ex-parte*. The two exhibits requested to be sealed contain privileged material, which is not discoverable and should be filed under seal. *See e.g. Diversified Group, Inc. v Daugerdas*, 217 FRD 152, 160 (S.D.N.Y. 2003)("It is undeniable that the public has a significant interest in preserving the confidentiality of attorney-client communications"). *See also Moshell v Sasol Ltd.*, 2021 WL 67107, at *2 (S.D.N.Y. 2021) ("courts in this district have also permitted the sealing of attorney work product reflecting mental impressions and legal strategies for the same reasons")(citations omitted); *Bretillot v Burrow*, 2015 WL 5306224, at *25-26 (S.D.N.Y. 2015], *report and recommendation adopted*, 2015 WL 6455155 (S.D.N.Y. 2015) (documents containing references to attorney client communications and documents that contain work product, such as "descriptions of litigation strategies and tactics undertaken" were to remain under seal, which applied also to petitioner's attorney billing records). The highlighted parts at Ex. 1 of the Sealing Decl. include AM's protected communication with its client and work product reflecting JLM's attorney's "mental impressions and legal strategies". *See* Sealing Decl. ¶¶6-7; Ex. 1. Further, even if the Court considers AM's time records to be a judicial document, redacted versions of these time records that provide more than enough information necessary for the public regarding

JLM's attorneys' fees application were publicly filed. As such, JLM's request to seal is narrowly tailored as required by *Lugosch*. *Lugosch*, 435 F.3d at 126.

We have conferred with counsel for Gutman on this sealing request. Gutman's counsel refused to consent on the basis that the redactions make the time entries insufficiently detailed. It is JLM's position that the detail provided in the publicly filed copies is sufficient. JLM requests that the Court exercise its discretion and grant JLM's request. The Second Circuit recently held that there is no authority that "counsel must open its books to objects for inspection by virtue of filing a fee motion." *Cassese v Williams*, 503 Fed Appx 55, 58 (2d Cir. 2012). "To the contrary, whether to grant objectors access to billing records [at all] is a matter within the district court's discretion." *Id*. This Court is more than competent to determine whether AM's billing is sufficient as to whether AM's time was expended in connection with the contempt motion. *See id*.

Courts in this district have held that parties' moving for their attorneys' fees may "may redact entries in those records that reveal any information protected by the attorney-client privilege or work product doctrine." *Vineyard Vines, LLC v MacBeth Collection, L.L.C.*, 2019 WL 12024583, at *5 (D. Conn. 2019)(denying the sealing request, without prejudice, as the movant sought to seal the entire time record, rather than those matters that could be redacted). Here, JLM's motion is essentially a redaction motion, as it seeks to file under seal only the privileged material set forth in its attorneys' invoices. The majority of these time records are already publicly available. As such, JLM respectfully requests that its application be granted.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Encls.

Cc.     Counsel of Record via ECF

The foregoing sealing request is granted for the reasons stated herein. Dkt. no. 279 resolved.
SO ORDERED.

_____ 12/20/2022

Laura Taylor Swain, Chief USDJ