UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

JLM COUTURE, INC.,

        Plaintiff,

  -v-                                                 No.  20 CV 10575-LTS-SLC

HAYLEY PAIGE GUTMAN,

        Defendant.

---------------------------------------------------------x

AMENDED MEMORANDUM ORDER

        This Memorandum Order, originally issued on July 25, 2022 (docket entry no. 403) is now reissued in amended form in accordance with the February 21, 2023 Order from the United States Court of Appeals for the Second Circuit directing this Court to "reissue" the July 25, 2022 Memorandum Order "excepting any aspects that have expired in the interim." (See docket entry no. 426.)

        Before the Court is Defendant Hayley Paige Gutman's motion to dissolve the preliminary injunctive relief that is in place in this case (docket entry nos. 109, 176, and 326 ("Preliminary Injunction" or "Preliminary Injunction Order")), and for clarification of the Court's Preliminary Injunction Order. Defendant Gutman ("Ms. Gutman") argues that the Court should dissolve the Preliminary Injunction Order in light of facts that existed, but were not presented to the Court, prior to the Court's issuance of the injunction on March 4, 2021. (Docket entry no. 109.) Specifically, Ms. Gutman contends that the injunction should be dissolved because Plaintiff JLM Couture, Inc. ("Plaintiff" or "JLM") breached the parties' employment

contract ("the Contract")[1] by failing to pay her any "additional" compensation under the Contract in the year 2021. (Docket entry no. 352.) Ms. Gutman also argues that the Preliminary Injunction should be dissolved because JLM subsequently breached the Contract by failing to pay her additional compensation in the year 2022. (Id.) Separately, Ms. Gutman requests that the Court clarify that, under the Preliminary Injunction Order, "JLM must transfer the @misshayleypaige Pinterest and Instagram accounts to [Ms. Gutman] (and provide all necessary assistance to do so) by no later than August 1, 2022." (Docket entry no. 351.)

The Court has reviewed carefully the parties' written submissions and heard oral argument on July 14, 2022. For the reasons stated below, the Court denies in its entirety Ms. Gutman's motion to dissolve the Preliminary Injunction Order and denies in its entirety Ms. Gutman's motion for clarification.

BACKGROUND

Factual Background

This recitation of facts is limited to the parties' material proffers in connection with the motion to dissolve and clarify the Preliminary Injunction Order. The Court assumes the parties' familiarity with the factual background of the case.

After lengthy contract negotiations and actions by both parties as detailed in the Preliminary Injunction Order, Ms. Gutman announced her resignation from JLM on December 17, 2020. (Docket entry no. 58, Ex. 127.) Ms. Gutman's Contract with JLM provides, inter alia,

---

[1] The "Contract," as the term is used herein, comprises the 2011 employment agreement (docket entry no. 14, Ex. 2), as amended by the 2014 amendment extending that agreement through August 1, 2019 (id., Ex. 62), and the February 12, 2019, notice letter exercising JLM's option to further extend Ms. Gutman's employment term by three years through August 1, 2022. (Id., Ex. 66.)

for the payment of "additional" compensation computed based on the annual net sales of certain product lines during the fiscal year and payable "not later than 120 days after the end of each fiscal year of the Company." (Docket entry no. 14, Ex. 62.) Ms. Gutman asserts that she did not receive payments of additional compensation due by March 1, 2021, for the sale of dresses during the period of November 1, 2019, to October 31, 2020, and additional compensation due by March 1, 2022, for the sale of dresses during the period of November 1, 2020, to October 31, 2021. (Docket entry no. 353 ("Gutman Decl.") ¶ 11.)

Ms. Gutman asserts that, by failing to pay the additional compensation allegedly due to her, JLM has materially breached and repudiated the Contract, electing to treat the Contract as terminated, and is not entitled to injunctive enforcement of any of the Contract's restrictive provisions or its provisions granting JLM rights with respect to the use of Ms. Gutman's name and derivatives thereof. (Docket entry no. 352 at 10-14.)

In response, JLM asserts that Ms. Gutman's motion for dissolution is essentially an untimely motion for reconsideration of the Court's June 2, 2021, decision denying Ms. Gutman's May 4, 2021, motion for dissolution of the Preliminary Injunction Order. (Docket entry no. 377 at 13-20.) JLM further argues that Ms. Gutman's motion is precluded under the law of the case doctrine and also fails on the merits. (Id. at 21-27.)

Procedural History

On March 4, 2021, the Court granted, in part, and denied, in part, the motion brought by JLM seeking preliminary injunctive relief. (Docket entry no. 109.) On May 4, 2021, Ms. Gutman moved to dissolve the Preliminary Injunction Order, making the same argument as the one raised in the instant motion, that JLM had failed to pay additional compensation allegedly owed to Ms. Gutman under the Contract, had therefore breached the Contract, and was

no longer entitled to preliminary injunctive relief enforcing the Contract's terms.  (See docket entry no. 142 at 6-12.)

On June 2, 2021, the Court denied Ms. Gutman's motion to dissolve the Preliminary Injunction Order.  (Docket entry no. 176.)  In its decision, the Court explained that "all of the facts proffered by Ms. Gutman were known or available to her prior to March 4, 2021, the date on which the Preliminary Injunction Order was issued."  (Id. at 5.)  Specifically, Ms. Gutman asserted that the additional compensation owed to her was due by March 1, 2021, and was not paid on that date.  (Id. (citing docket entry no. 145 ¶ 14).)  The Court found that Ms. Gutman's "failure to raise her factual contentions regarding material breach by JLM and her arguments as to the legal significance of such breach while the preliminary injunction motion was pending [was] sufficient reason, in itself, for denial of the dissolution motion."  (Id. at 5-6.)

The Court also evaluated Ms. Gutman's arguments on the merits and concluded that she failed to establish that dissolution of the Preliminary Injunction was warranted based on her "belated arguments concerning provision of her compensation."  (Docket entry no. 176 at 6-9.)  The Court relied on paragraph four of the 2011 Contract, as modified by paragraph three of the 2014 Amendment, which specifies that "[f]or the full, prompt and faithful performance of all the duties and services to be performed by the Employee hereunder . . . the Company agrees to pay and the Employee agrees to accept" compensation including base compensation (specified in paragraph 3(a) of the 2014 Amendment) and additional compensation (specified in paragraphs 3(b) and 3(c) of the 2014 Amendment).  (Id. at 7 (citing Contract ¶ 4).)  The Court explained that "[p]erformance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused" (id. (citing Restatement (Second) of Contracts § 225(1)), and Ms. Gutman did not dispute that she ceased performing services for JLM in December 2020.  (Id. at

8.) In addition, the Court discussed JLM's position that the payment of additional compensation was not warranted based on paragraph 3(h) of the Contract. (Id. at 8) Paragraph 3(h) specifies that, "[i]f [JLM] or [Ms. Gutman] decides that [Ms. Gutman] is not able to continue her additional duties, in whole or in part, . . . [JLM] will no longer be obligated to make the [additional compensation] payments set forth in paragraphs 3(b) and (c)[,]" and Ms. Gutman did not dispute that she stopped designing the Jim Hjelm collection, which was one of the product lines referenced in the amendment, in 2017. (Id. (citing Contract ¶ 3(h).) In consideration of "the language of section 3 of the 2014 amendment, Ms. Gutman's 2017 cessation of work on the Jim Hjelm line and her 2020 cessation of work for JLM altogether" (id. at 9), the Court determined that Ms. Gutman failed to demonstrate that JLM had elected to treat the Contract as terminated by her resignation and dissolution was not warranted.

Ms. Gutman appealed the Court's June 2, 2021, decision, contesting the Court's determination that JLM did not itself breach the Contract by failing to pay her compensation after she announced her resignation and thereby forfeit its ability to seek preliminary injunctive relief. On January 25, 2022, the Second Circuit affirmed this Court's decision, finding that "[f]aithful performance is . . . a condition precedent to payment of base and additional compensation" under the Contract, "JLM had no duty to pay [Ms.] Gutman if she did not work," and thus this Court "did not abuse its discretion in concluding at this stage that JLM's failure to pay [Ms.] Gutman did not constitute a breach of the Contract." JLM v. Gutman, 24 F.4th 785, 801 (2d Cir. Jan. 25, 2022). To the extent Ms. Gutman argued that "some of her additional compensation is tied to revenues from before her announced resignation, and that her failure to perform thus does not excuse JLM's nonpayment at least as to those payments[,]" the Second Circuit declined to address the argument, as Ms. Gutman "did not meaningfully challenge until

her reply brief the district court's rationale that she failed to perform a condition of the Contract." Id. at 801 n. 19.

## DISCUSSION

Ms. Gutman's current motion for dissolution of the Preliminary Injunction Order relies on the same argument as Ms. Gutman's May 4, 2021, motion for dissolution. Specifically, Ms. Gutman asserts that JLM owed Ms. Gutman additional compensation payments after she stopped rendering services in December 2020 and that, by failing to pay that compensation, JLM has materially breached the Contract and therefore is not entitled to preliminary injunctive relief to enforce the Contract's provisions. Because the Court has already addressed Ms. Gutman's argument in its June 2, 2021, decision denying the motion for dissolution, the Court treats Ms. Gutman's June 10, 2022, motion to dissolve the Preliminary Injunction as a motion for reconsideration of the Court's June 2, 2021, Order.

Ms. Gutman's motion for reconsideration is untimely. Pursuant to Local Civil Rule 6.3, a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Over one year has passed since the Court issued its June 2, 2021, decision. Ms. Gutman's delay in filing constitutes sufficient grounds to deny her motion.[2]

Even if the Court were to evaluate Ms. Gutman's motion on the merits, Ms. Gutman has failed to demonstrate that reconsideration of the Court's June 2, 2021, decision is

---

[2]   To the extent Ms. Gutman attempts to reframe her motion as arising under Federal Rule of Civil Procedure 60(b) (see docket entry no. 352 at 2-3), the Court notes that the motion remains untimely as it was made "more than a year" after the Court issued its June 2, 2021, decision. (Fed. R. Civ. P. 60(c).)

warranted. "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks and citation omitted). Accordingly, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." United States v. Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). "[U]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" reconsideration is generally denied. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and [the decision whether to grant the motion] is committed to the discretion of the court." S.E.C. v. Wojeski, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), aff'd sub nom. Smith v. S.E.C., 432 F. App'x 10 (2d Cir. 2011).

Ms. Gutman has failed to point to controlling legal authority or evidence that the Court overlooked. To the contrary, Ms. Gutman's motion constitutes an improper "vehicle for relitigating old issues." Tonga Partners, L.P., 684 F.3d at 52. Ms. Gutman reiterates the argument she raised in her May 4, 2021, motion for dissolution, namely that JLM's position that she was not owed additional compensation is contrary to the clear meaning of Section 3(h) of

Contract, because she was still "able" to continue her duties designing the Jim Hjelm collection notwithstanding her cessation of work on that product line. (Contract ¶ 3(h).) The Court considered that argument and rejected it, finding that Ms. Gutman failed to show that JLM breached its obligation to pay her additional compensation, in light of the language of Section 3 of the Contract, Ms. Gutman's 2017 cessation of work on the Jim Hjelm line, and Ms. Gutman's decision to stop rendering services to JLM in 2020 altogether. (Docket entry no. 176 at 9.) As with her May 4, 2021, motion, Ms. Gutman also has not meaningfully responded to JLM's assertion that its compensation obligations under the Contract were conditional in nature. (See, e.g., docket entry no. 384.)

        Ms. Gutman's decision to submit new evidence, in the form of declarations and documents predating the Court's Preliminary Injunction Order, similarly do not warrant reconsideration of the Court's June 2, 2021, decision, as this evidence was available to Ms. Gutman at the time she made her May 4, 2021, motion for dissolution. To prevail on a motion for reconsideration based upon the discovery of new evidence, the evidence "must not have been available prior to entry of the judgment." Marhone v. Cassel, No. 16-CV-4733-NSR, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021) (quoting Kopperl v. Bain, No. 3:09-CV-01754-CSH, 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016)). Because Ms. Gutman could have put forward the evidence proffered in connection with the instant motion in support of her May 4, 2021, motion for dissolution, the new evidence need not be considered. United States v. Posado, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016) ("A motion to reconsider is not petitioner's opportunity to put forward evidence that they could have, but failed, to provide the Court when the Court initially considered the motion.").

Ms. Gutman's argument that JLM's alleged failure to pay Ms. Gutman additional compensation on March 1, 2022, is "independently sufficient" to warrant the requested relief, even if the "March 1, 2021, breach was not sufficiently raised for any reason[,]" is unavailing. (Docket entry no. 384 at 10 n.6.)  JLM's decision to halt payments of additional compensation to Ms. Gutman after she stopped rendering services in December 2020 has remained unchanged. The fact that an alleged deadline for that compensation under the Contract has recurred due to the passing of another calendar year does not suffice to show a material change in circumstances warranting reconsideration.

To the extent Ms. Gutman argues that the Preliminary Injunction Order should be vacated because JLM cannot establish that the "balance of hardships tip in its favor" (docket entry no. 352 at 14), the motion is misplaced because the Court considered the balance of hardships and the public interest in entering the original Preliminary Injunction Order on March 4, 2021, and in its decision modifying the Preliminary Injunction Order on February 14, 2022. (See docket entry nos. 109 and 326.)  The Court will not rehash its conclusions here.

Finally, to the extent Ms. Gutman requested that the Court "clarify" that the Preliminary Injunction Order requires "JLM to immediately return" the social media accounts to Ms. Gutman's "exclusive possession and control" on August 1, 2022, and "provide help as necessary to effectuate that transfer," the Court denied such request.  (Docket entry no. 352 at 16.)  The Court addresses the parties' post-August 1, 2022, obligations with respect to the subject matter of the Preliminary Injunction Order in deciding Plaintiff's pending motion to modify the Preliminary Injunction.

CONCLUSION

For the reasons stated herein, Ms. Gutman's motion to dissolve the Preliminary Injunction Order is denied in its entirety. Ms. Gutman's motion for clarification of the Preliminary Injunction Order is also denied in its entirety.

This order resolves docket entry number 351. The Preliminary Injunction Order remains in force in all other respects and the case remains referred to Magistrate Judge Cave for general pretrial management.

Dated: New York, New York
       March 14, 2023

        /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge