UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JLM COUTURE, INC.,

       Plaintiff,

  -v-                                                No.  20 CV 10575-LTS-SLC

HAYLEY PAIGE GUTMAN,

       Defendant.

-------------------------------------------------------x

ORDER

       Before the Court is Defendant Hayley Paige Gutman's motion for "an order modifying and/or vacating the Court's Judgment" dated January 5, 2023 (docket entry no. 418 (the "Motion")), which awarded Plaintiff JLM judgment against Ms. Gutman in the liquidated amount of $118,806.59 (docket entry no. 417 (the "Judgment")). The Judgment was entered pursuant to the Court's Memorandum Order entered on December 21, 2022 (docket entry no. 412 ("Memorandum Order")), granting Plaintiff JLM its attorneys' fees in the amount of $117,981.50 and costs in the amount of $825.09, for a total award of $118,806.59. The attorneys' fees and costs were awarded in connection with JLM's motion to hold Ms. Gutman in civil contempt of the preliminary injunction order entered in this action, which the Court granted on September 8, 2021. (Docket entry no. 234 ("Contempt Opinion").) In the Contempt Opinion, the Court concluded that JLM had demonstrated by clear and convincing evidence that Ms. Gutman failed to comply with the preliminary injunction entered in this action, and that her violation was willful. Based on the Court's finding of willfulness, the Court granted JLM an award of reasonable attorneys' fees and costs incurred in the prosecution of JLM's motion for

contempt. The Court has reviewed carefully the parties' submissions in connection with the instant motion and hereby denies Ms. Gutman's motion for reconsideration.

Because Ms. Gutman requests that the Court reconsider an interlocutory decision in this case, namely, its decision awarding attorneys' fees to JLM in connection with its prosecution of the contempt motion, the Court construes the motion as one brought pursuant to Local Civil Rule 6.3, which requires that Ms. Gutman "set[] forth concisely the matters or controlling decisions which [she] believes the Court has overlooked." Local Civ. Rule 6.3.[1] "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources[,]" MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks and citation omitted), and therefore a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." United States v. Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255

---

[1] Although Ms. Gutman invoked Rules 59(e) and 60(b) in her opening brief (see docket entry no. 420 ("Def. Mem.") at 2), she concedes that Local Civil Rule 6.3 provides the pertinent legal standard and that, "[w]hen a judgment is considered interlocutory, a court may convert the motion to a request for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure 54(b), regardless of whether the movant sought relief under Rule 54 in its motion." (Docket entry no. 424 at 3 (citations omitted)). Rule 60(b) of the Federal Rules of Civil Procedure does not apply here, as that rule "permits the Court to relieve parties from certain final judgments," meaning judgments that "end[] the litigation on the merits." Doe v. Columbia Univ., No. 20-CV-6770-GHW, 2022 WL 16856158, at *1-2 (S.D.N.Y. Nov. 10, 2022) (internal quotation marks and citations omitted). The Judgment here was nonfinal, as it did not dispose of any of the pending claims in this litigation on the merits. Relevant here is the principle that, "[w]hile Federal Rule of Civil Procedure 59(e), Southern District Local Rule 6.3, and Federal Rule of Civil Procedure 54(b) represent independent bases upon which a party may seek reconsideration of a court's prior order, they each turn on the same fundamental standard[.]" Id. at *2.

(2d Cir. 1992)).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Walsh v. Townsquare Media, Inc., 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) (internal quotation marks and citation omitted).  "[U]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[,]" reconsideration is generally denied.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "The standard for reconsideration is strict and [the decision whether to grant the motion] is committed to the discretion of the court."  S.E.C. v. Wojeski, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), aff'd sub nom. Smith v. S.E.C., 432 F. App'x 10 (2d Cir. 2011).

Here, Ms. Gutman, who argued in her opposition to the underlying contempt motion that she lacked the ability to pay a contempt sanction, proffers that her financial situation has deteriorated since the contempt motion and fee award application were briefed and asserts that the "Court should reconsider the amount of the award and judgment based on new facts and evidence as to [her] inability to pay." (Def. Mem. at 3.)  The Court considered and rejected her financial condition arguments in determining the contempt motion and the fee award.  (See Contempt Opinion at 16-17; Memorandum Order at 17.)  To the extent that Ms. Gutman is rehashing the same basic legal and factual argument[2] – that the Court should not sanction her for

---

[2]  Indeed, Ms. Gutman cites authorities dealing with the *determinations as to whether to find parties in contempt* and *the imposition of appropriate contempt sanctions*, rather than ones addressing the liquidation of compensatory reasonable attorney fee awards following findings of willful noncompliance with court orders.  See, e.g., Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645 (2d Cir. 2004) (confronting the question of whether the issuance of the contempt finding was proper); Maggio v. Zeitz, 333 U.S. 56 (1948) (civil contempt proceeding seeking a coercive sanction); Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk, 667 F. App'x 15 (2d Cir. 2016) (appeal from district court's expansion of the order of contempt).

her contemptuous conduct because of her financial situation – her motion constitutes an improper "vehicle for relitigating old issues" and does not meet the exacting standard for reconsideration of the Court's prior decisions. Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).

Ms. Gutman seeks to distinguish her current position from her prior arguments, asserting that her financial circumstances "have dramatically changed over the . . . 15 months" since briefing was completed in connection with JLM's fee application and submitting declarations speaking to her current financial situation. (See Def. Mem. at 3.) She argues that her worsening financial situation warrants reconsideration—and reduction—of the Court's prior fee award in order to avoid manifest injustice and the imposition of an excessive and punitive sanction. Although the availability of new evidence is one basis on which a motion for reconsideration may be granted, Ms. Gutman has failed to identify any such evidence here. In the context of a motion for reconsideration, "'new evidence' is evidence that existed at the time of the motion, but was unavailable to the movant when the Court made its previous ruling and could not have been found by due diligence." Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc., No. 14-CV-09494-CM, 2015 WL 9480080, at *2 (S.D.N.Y. Dec. 22, 2015) (citations omitted); see also Pettiford v. City of Yonkers, No. 14-CV-6271-JCM, 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020) (finding that "Plaintiff's proffered evidence is not, in fact, 'newly discovered,' and thus not properly before the Court on a motion for reconsideration"). Ms. Gutman does not offer "new evidence" of the pertinent type. She neither demonstrates that evidence regarding her financial condition during the prior motion practice was unavailable to her at that time[3] nor

---

[3]   See Treistman v. McGinty, No. 16-CV-1403-GLA-CFH, 2019 WL 1790246, at *1 (N.D.N.Y. Apr. 24, 2019) (denying motion for reconsideration where the "circumstances giving rise to [the] motion were known to [the movant] more than seven months before

proffers any new information relating to that time period. Her only proffers relate to the period since she submitted her briefing in opposition to JLM's fee application, consisting of representations that she has dissipated assets, accrued additional liabilities, and has not generated new income since the Memorandum Order was entered.

Nor does the information about her recent financial situation constitute matter that the Court overlooked that would alter the Court's conclusion as to the award of JLM's fees as a sanction or indicate that adherence to the Court's decisions would constitute manifest injustice. Ms. Gutman has known that JLM was granted a reasonable fee award in connection with the motion for contempt since the Contempt Opinion was issued in September 2021 and therefore should have anticipated the need to address payment of the award even as she was making financial decisions, incurring obligations, and addressing her opportunities to earn income. The preliminary injunction does not prevent her from seeking employment in alternative fields that are noncompetitive with JLM, as demonstrated by her recent "attempt to pivot to a new career" designing shoes and developing the "new shoe company called 'SHE IS CHEVAL.'" (Docket entry no. 424 at 7 (quoting docket entry no. 425 ¶¶ 5-6).)

The Court properly considered Ms. Gutman's contemptuous conduct and the reasonable attorneys' fees JLM was forced to incur to procure the cessation of that conduct, as well as Ms. Gutman's proffers concerning her ability to pay an award immediately, in making its

---

the issuance of the Summary Order [the movant] now asks the court to reconsider"); Pettiford, 2020 WL 1989419, at *2 ("Newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration."); Marhone v. Cassel, No. 16-CV-4733-NSR, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021) (explaining that to prevail on a motion for reconsideration based upon the discovery of new evidence, the evidence "must not have been available prior to entry of the judgment leading to reconsideration" (quoting Kopperl v. Bain, No. 3:09-CV-01754-CSH, 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016))).

original decisions.  Having considered thoroughly the parties' submissions and arguments in connection with the instant motion practice, the Court concludes that Ms. Gutman has not advanced any grounds warranting reconsideration of the Contempt Opinion, Memorandum Order, or Judgment (docket entry nos. .234, 412, and 417).  Accordingly, Ms. Gutman's motion for reconsideration of the amount of the fee award is denied.

This order resolves docket entry number 418.  The case remains referred to Magistrate Judge Cave for general pretrial management.

Dated: New York, New York
April 24, 2023

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge