UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JLM COUTURE, INC.,

    Plaintiff,

  -v-                                                                             No.   20-CV-10575-LTS-SLC

HAYLEY PAIGE GUTMAN, et al.,

    Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

Before the Court is the motion of Defendant Hayley Paige Gutman ("Ms. Gutman" or "Defendant") for reconsideration of the Court's March 1, 2024, Order Requesting Additional Briefing and Modifying the Preliminary Injunction (docket entry no. 474 (the "Order")).  (Docket entry no. 476 (the "Motion").)  Specifically, Ms. Gutman requests, pursuant to Local Civil Rule 6.3, that the Court modify the Order to (a) lift the preliminary injunction enforcing Paragraph 10(e) of the Contract[1] and (b) return the Accounts[2] to Ms. Gutman while the Court considers the issues on remand.  (Id. at 2-3.)  JLM Couture Inc. ("JLM" or "Plaintiff")

---

[1]    The "Contract" comprises the 2011 employment agreement (docket entry no. 14, Ex. 2), as amended by the 2014 amendment extending that agreement through August 1, 2019 (id. Ex. 62), and the February 12, 2019, notice letter exercising Plaintiff's option to further extend Defendant's employment term by three years through August 1, 2022 (id. Ex. 66).  "Paragraph 10(e)" refers to the provision of the Contract that reads: "In the event that the Company files an application to register the Trademark or Trademarks, Employee agrees that for a period of five years following termination of her employment, she shall not be identified to the trade or consuming public as the designer, and her role as designer shall not be used to promote the sale, of any goods in competition with goods manufactured and sold by the Company."

[2]    The "Accounts" are the Instagram account, created on or about April 6, 2012, and the Pinterest account, created on November 3, 2011, that use the handle "@misshayleypaige."  (See docket entry no. 471 (the "Second Circuit Opinion") at 5.)

has filed its opposition to the motion for reconsideration (docket entry no. 480 ("Pl. Mem.")) and Ms. Gutman filed a reply (docket entry no. 481 ("Reply")). The Court has thoroughly reviewed the parties' submissions. For the following reasons, Ms. Gutman's motion is denied in its entirety.

## BACKGROUND

As stated in the Order, the Court assumes the parties' familiarity with the factual background and procedural history of the case and adopts the findings of fact previously set forth in its March 4, 2021, Memorandum Opinion and Order granting the Preliminary Injunction (docket entry no. 109); June 2, 2021, Memorandum Opinion and Order clarifying the Preliminary Injunction (docket entry no. 176); September 8, 2021, Memorandum Opinion and Order finding Ms. Gutman in contempt of the Preliminary Injunction (docket entry no. 234); February 14, 2022, Memorandum Opinion and Order Modifying the Preliminary Injunction (docket entry no. 326); and March 14, 2023, Amended Opinion and Order Modifying the Preliminary Injunction (docket entry no. 431).[3]

## DISCUSSION

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July 15, 2014) (internal quotation marks and citations omitted). To prevail on a motion for reconsideration under Local Rule 6.3, the movant must point to an "intervening change in controlling law, the availability of new evidence, or the need to correct a

---

[3]   Ms. Gutman's Motion did not take issue with the adoption of the factual background and relevant procedural history in the Order.

clear error or prevent manifest injustice." Nguyen v. MaxPoint Interactive, Inc., No. 15-CV-6880-LTS, 2017 WL 3084583, at *1 (S.D.N.Y. 2017) (quoting Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Cohen v. New York City Dep't of Educ., No. 19-CV-3863-LTS-SDA, 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021) (quoting Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).  To the contrary, reconsideration is not warranted "[u]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . ." Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995)).

Here, Ms. Gutman identifies no intervening change of controlling law warranting reconsideration of the Order, nor does she identify any new evidence made available or identify clear error by the Court.  Instead, Ms. Gutman identifies a number of points of disagreement with the Court's analysis and application of the Second Circuit Opinion that "affirm[ed] in part and vacate[d] in part the district court's March 14, 2023, order modifying its preliminary injunction and remand[ed] for further proceedings consistent with [its] opinion." (Second Circuit Opinion at 25.)

Application of Paragraph 10(e)

Ms. Gutman makes three arguments related to the Order's modification of the Preliminary Injunction to enjoin Ms. Gutman from violating Paragraph 10(e) of the Contract pending the Court's consideration of the reasonableness of the breadth and temporal scope of the restriction on remand.  The Court considers each in turn:

<u>First</u>, Ms. Gutman cites the Second Circuit Opinion to argue that "she has been subject to a non-compete for more than three years[,]" and that "[l]ocking an individual out of the workforce through non-compete provisions or orders for more than three consecutive years is not permissible under New York law." (Motion at 2.) However, this argument obfuscates the reality that (i) prior to July 31, 2022, Ms. Gutman's employment had not terminated, and she was being held to compliance with a different provision of the Agreement (<u>see</u> Second Circuit Opinion at 7); (ii) "Paragraph 10(e) has been enforced as a <u>post-employment</u> non-compete since August 1, 2022, i.e., for less than two years[;]" and (iii) "New York courts routinely enforce reasonable non-competes for a period of two years or shorter." (Order at 11 (citing <u>Payment All. Int'l, Inc. v. Ferreira</u>, 530 F. Supp. 2d 477, 485 (S.D.N.Y. 2007)) (emphasis added).) In short, Ms. Gutman's argument regarding the length of the restriction does not justify reconsideration of the Order.

<u>Second</u>, Ms. Gutman argues that "[b]ecause the Order reinstates [the] restriction, without considering the reasonableness of this non-compete under New York law, it is not consistent with the Second Circuit Opinion." (Motion at 2.) The Court did, in fact, consider the reasonableness of Paragraph 10(e) under New York law in its Order. (<u>See</u> Order at 9-12.) The Court specifically analyzed the relevant "three-prong test" to assess the reasonableness of Paragraph 10(e) and concluded that "the restrictive covenant, which, inter alia, prohibits identification of Ms. Gutman as a designer in connection with competing goods, is not unreasonable, overbroad or unduly burdensome" under that test. (<u>Id.</u> at 10-11.) The Court further considered the length of the restriction in light of the Court's ability to shorten or amend a restrictive covenant under New York law. (<u>Id.</u> at 11-12.) Because the Court conducted the analysis required at this juncture, Ms. Gutman's argument cannot "reasonably be expected to

alter the conclusion reached by the court" upon reconsideration.  Cohen, 2021 WL 2158018, at *2.

Third, Ms. Gutman argues that "harm to [Ms. Gutman] in reinstituting this relief before giving full consideration to the issues on remand is too great" because "she is in a very poor financial position" while, in contrast, "JLM is now in bankruptcy and does not appear to be producing new Hayley Paige-branded products." (Motion at 2-3.)  Ms. Gutman, however, does not argue that JLM has ceased to advertise or sell Hayley Paige-branded products.  Therefore, Ms. Gutman merely articulates a disagreement with the Court's analysis of the potential harms relevant to the reasonableness of the temporary enforcement of Paragraph 10(e).  The Court determined that (1) "JLM is likely to be able to establish that Ms. Gutman . . . could have an unfair competitive advantage over JLM should she appeal to customers and prospective customers to abandon JLM for another manufacturer[,]" and (2) notwithstanding the enforcement of Paragraph 10(e), Ms. Gutman retains "the ability to continue to use her talents as an uncredited designer of competitive goods or the (new) name and face of non-competing goods during the restricted period."  (Order at 10-11.)  In other words, Ms. Gutman's argument fails to "point to. . . data . . .  that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court" and justify reconsideration.  Cohen, 2021 WL 2158018, at *2.

In sum, Ms. Gutman's request to reconsider the Court's modification of the Preliminary Injunction is denied.

Control of the Accounts

Ms. Gutman insists that, while the issues on remand are being resolved, she is entitled to "sole and exclusive control" over the Accounts because "[t]he Second Circuit has ruled that it is improper to order injunctive relief with respect to the . . . Accounts without first

assessing the issue of who likely owns those accounts[,]" and "the Order does not address the issue of ownership. . . ." (Motion at 3.) She further argues that a return to shared access is not the relevant "status quo" absent injunctive relief because "at the start of this proceeding [Ms. Gutman] had sole and exclusive control" of the Accounts. (Id. at 4 n.5.) While Ms. Gutman includes an abundance of quotations from the Second Circuit Opinion to support her argument (id. at 4-5), she does not explain how the Court committed "clear error" that requires reconsideration of its Order. Nguyen, 2017 WL 3084583, at *1. As the Court explained in its Order, the Second Circuit Opinion (1) concluded that the Court "erred by modifying its preliminary injunction to give JLM exclusive control over the Disputed Accounts" and (2) explicitly defined the relevant "status quo" as "a return to shared access to" the Accounts. (Order at 2, 5-6 (quoting Second Circuit Opinion at 15, 22) (emphasis added).)[4] Because Ms. Gutman's argument contradicting the Court's interpretation of the Second Circuit Opinion "merely expresses a disagreement with the Court and does not identify clear error," reconsideration is not justified. Noel v. City of New York, No. 15-CV-5236-LTS-KHP, 2023 WL 8850070, at *4 (S.D.N.Y. Dec. 21, 2023).

CONCLUSION

For the foregoing reasons, Ms. Gutman's Motion for Reconsideration is denied in its entirety. The parties' opening briefs regarding the issues on remand from the Second Circuit

---

[4] Ms. Gutman insists that "[t]he Orders' discussion of the 'status quo' improperly conflates two separate legal issues" to the extent that, although "[t]he Second Circuit discussed the 'status quo' for purposes of determining whether the injunction JLM seeks is mandatory . . . this analysis does not change the fact that at the start of this proceeding [Ms. Gutman] had sole and exclusive control of" the Accounts. (Motion at 4 n.5.) However, because Ms. Gutman points to no legal authority to support the distinction upon which this argument relies, she has not shown that the Court overlooked controlling decisions or otherwise committed clear error. Cohen, 2021 WL 2158018, at *2.

are due by **March 29, 2024**.  This case remains referred to Magistrate Judge Cave for general pretrial management.  This Memorandum Order resolves docket entry no. 476.

    SO ORDERED.

Dated: March 28, 2024
       New York, New York

/s/  Laura Taylor Swain_____
LAURA TAYLOR SWAIN
Chief United States District Judge
